UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA R. ANAYA,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 5:16-CV-01199-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Plaintiff Donna R. Anaya appeals from the Commissioner's denial of Social Security Disability Benefits ("DIB"). Plaintiff alleges disability since March 30, 2011, based on pain and physical limitations due to lower back and knee problems and obesity. [Dkt. 17 ("Joint Stipulation") at 2.] Plaintiff also alleged mental impairments due to affective mood disorder, but does not challenge the Administrative Law Judge's ("ALJ") decision that her mental disorder is not severe. The ALJ held a hearing on August 20, 2014, and issued an unfavorable decision on

---

[1] The Court notes that Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.

November 19, 2014. Plaintiff appealed to the District Court, and both parties consented to proceed before Magistrate Judge David Bristow. [Dkt. 11, 12.] The case was later transferred to the undersigned Magistrate Judge and the parties again consented. [Dkt. 19, 20.]

The parties present two issues for review: (1) whether the ALJ's residual functional capacity ("RFC") assessment is supported by substantial evidence; and (2) whether the ALJ's credibility determination is supported by substantial evidence. In order to avoid repetition and for additional reasons, the Court addresses these issues in a different order than did the parties. For the reasons set forth below, the Court AFFIRMS the decision of the ALJ.

## ADMINISTRATIVE DECISION UNDER REVIEW

The ALJ found that Plaintiff has the severe impairments of obesity and arthritis of the knees. [AR 48.] He also noted that the evidence of record showed that Plaintiff has a baker's cyst in the knees and a history of injuries to her lower back, knees, and shoulders, but that these latter impairments are non-severe. [AR 48.] The ALJ also found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Given these findings and upon review of the evidence, the ALJ determined that Plaintiff has the RFC to perform medium work, except as follows:

> [S]he can lift and carry 50 pounds occasionally and 25 pounds frequently; push and pull within the weight limitations specified, stand/walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; can frequently climb ramps, stairs, and ladders; cannot climb ropes or scaffolding; can frequently stoop, balance, crouch, crawl, and kneel.

[AR 50.]

In assessing Plaintiff's testimony and her RFC, the ALJ summarized the medical evidence of record and opinions of two examining physicians, Dr. Vincente Bernabe, D.O., a Board Certified Orthopedist, Azizollah Karamlou, M.D., an

internal medicine specialist, as well as the treatments notes of physical therapy sessions Plaintiff had in 2013 and 2014, additional doctor visits, and the opinions of State agency reviewing medical consultants, among other evidence. [AR 51-55.] In sum, eight physicians all concurred in finding that Plaintiff was capable of performing work at the medium exertional level, and many objective tests taken during the relevant period, some of which are highlighted below, supported this assessment.

Based on the RFC above, a vocation expert testified that Plaintiff was capable of performing her past relevant work as a retail floor manager.

## GOVERNING STANDARD

Under 42 U.S.C. § 405(g), this Court reverses only if the Commissioner's "decision was not supported by substantial evidence in the record as a whole or if the [Commissioner] applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "must be 'more than a mere scintilla,' but may be less than a preponderance." *Id.* at 1110-11; *see Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted). This Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (internal citation omitted). If "the evidence is susceptible to more than one rational interpretation, we must uphold the [Commissioner's] findings if they are supported by inferences reasonably drawn from the record." *Molina,* 674 F.3d at 1111.

Even if Plaintiff shows the Commissioner committed legal error, "[r]eversal on account of error is not automatic, but requires a determination of prejudice." *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's

determination." *Molina,* 674 F.3d at 1111 (citing *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009)). And "[w]here harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm." *McLeod v. Astrue,* 640 F.3d 881, 887 (9th Cir. 2011).

Courts have "affirmed under the rubric of harmless error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006). In sum, "ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination' and…a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (internal citation and quotations omitted). Ultimately, "[t]he nature of [the] application [of the harmless error doctrine] is fact-intensive—no presumptions operate and [the Court] must analyze harmlessness in light of the circumstances of the case." *Id.* (internal citation and quotations omitted).

## DISCUSSION

### I. The ALJ's Determination That Plaintiff Was Not Fully Credible Is Supported By At Least One Clear And Convincing Reason.

"Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015) (internal citation and quotations omitted). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence

4

supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina*, 674 F.3d at 1115 (internal citation and quotations omitted).

"The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tomasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal citation and quotations omitted); *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (explaining that acceptable bases for credibility determination include (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition).

Plaintiff contends that the ALJ failed to properly credit her subjective complaints of pain and inability to work contained in both her testimony at the hearing and an Exertional Questionnaire completed in June 2012. [Joint Stipulation at 12; AR 50.]. The ALJ found her credibility "diminished," although he did not discount her allegations of pain entirely, taking them into consideration in constructing her RFC. [AR 51, 54.] The ALJ gave the following reasons for discounting Plaintiff's testimony and allegations of pain, each of which is challenged by Plaintiff as not rising to the level of "specific and legitimate" reasons:

- ***Inconsistencies In Plaintiff's Statements***

Although Plaintiff testified that she stopped working because she could not bend, stoop, or stand long enough to perform her job due to plain, the evidence "also reveal[ed] that the claimant stopped working because she was tired of the cold and

5

snow so she moved from Big Bear to Riverside." [AR 51, citing Ex. 8F (AR 348).] She also admitted that she received unemployment compensation after her alleged disability onset date. The ALJ noted that "this reflects negatively on the claimant's credibility because in California, in order to receive unemployment benefits, the claimant needs to attest that she is physically able to work, ready and willing to accept work, and must be actively looking for work each week benefits are claimed." [AR 51.] The ALJ thus based his credibility determination, at least in part, on these two inconsistencies. While the Court agrees with Plaintiff that receipt of unemployment benefits alone (and without additional reasons like those presented below) would not likely constitute a sufficient inconsistency to discount her testimony, the Court finds here that the ALJ's identification of multiple inconsistencies is a specific and legitimate reason supported by substantial evidence.

- ***Activities Of Daily Living At Odds With Total Disability***

While Plaintiff reported that she did not usually walk more than 100 yards, can only lift up to 10 pounds, and suffers from pain, numbness, weakness, and fatigue, she also revealed that: she walks her dog, shops for groceries on her own, dusts, does the dishes, and lives independently. She drives herself, and goes on outings to visit her daughter and grandchildren, and told a therapist she provided childcare to her grandchildren. [AR 51 (ALJ's opinion); 350, 545, 559 (examples of supporting evidence).] She reported excellent relationships with family and friends. [AR 51].

Of course, an ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Molina*, 504 F.3d at 1040 (internal citation omitted). And even if Plaintiff has some difficulties in performing these activities, they may nevertheless be grounds for discrediting a plaintiff's claims of totally disabling impairments. *Turner v. Comm'r Social Sec.,* 613 F.3d 1217, 1224-25 (9th Cir. 2010). An ALJ should address whether the Plaintiff's daily

activities translate into the work environment. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (internal citation and quotations omitted).

In finding that Plaintiff's reported activities of daily living were inconsistent with a finding of disability, the ALJ specifically noted that (1) being able to care for her pets, "which requires regular attention and some physical effort," and (2) "some of the physical and mental abilities and social interactions required in order to perform" the other activities she described, are "the same as those necessary for obtaining and maintaining employment." [AR 51.] The ALJ's analysis of Plaintiff's activities of daily living thus provided a second specific and legitimate reason to discount her testimony of debilitating pain and limitations.

- ***The Lack Of Record Evidence Supporting Plaintiff's Claims Of Total Disability Supports The ALJ's Credibility Determination***

The ALJ also found Plaintiff's allegations of debilitating pain not credible in light of the medical evidence. [AR 51]. He noted, *inter alia,* that she had multiple physical examinations with findings of normal gait; that she sought treatment for general medical care in October 2011 and did not complain about back or other musculoskeletal problems [AR 51, citing Ex 6F at 3-4 (AR 333-334)]; that consulting physicians conducted objective tests that found normal range of motion, no muscular atrophy, and full strength and reflexes [AR 52, citing Ex 7F (AR 338, et seq.)]; Ex 11 F (AR 375 et seq.)]. While lack of support in medical records for a plaintiff's allegations of debilitating pain will not alone suffice to discount his or her testimony, the ALJ may consider such lack of objective evidence as a factor in the credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ properly did so in this case.

Given that the Court has found that at least two of the reasons given by the ALJ for finding Plaintiff's credibility "diminished" are specific and legitimate, which are further supported by a third – and only one is necessary – the Court will not address the remaining reason (conservative treatment) set forth in the ALJ's

7

opinion. Plaintiff's contention that the ALJ impermissibly discounted her testimony does not provide a basis for reversal of the Commissioners finding that she is not disabled.

## II. The ALJ's Residual Functional Capacity Assessment Is Supported By Substantial Evidence

Plaintiff argues that the ALJ did not properly evaluate the medical evidence in assessing her RFC. As noted above, if "the evidence is susceptible to more than one rational interpretation, [the Court] must uphold the [Commissioner's] findings if they are supported by inferences reasonably drawn from the record." *Molina,* 674 F.3d at 1111. In this case, all four physicians that examined Plaintiff or reviewed her records, and a plethora of objective tests on which the physicians relied, support the physical functional limitations of medium exertion RFC determined by the ALJ. [AR 91-92; 105-106; 342-343; 377-379.] Plaintiff cites to isolated tests and medical record entries that support more restrictive limitations, but does not present any medical opinions to the contrary. Thus, while Plaintiff does not appreciate the conclusion the ALJ made after review of the evidence, the ALJ's rational interpretation must be credited here absent some reason to disregard the substantial evidence he cited.

Plaintiff's primary attack on the evidence cited by the ALJ is her argument that one of the physicians who examined her, Dr. Bernabe, has settled medical malpractice claims in the past and has cases presently pending, and, therefore, his opinion and those of reviewing physicians who relied, in part, on his opinion, "cannot be substantial evidence to support the ALJ's RFC assessment." [Joint Stipulation at 5, n. 2.] The Court finds this argument distasteful and disingenuous. As the Commissioner notes, Dr. Bernabe's license is current and in good standing.[2] And Plaintiff does not even attempt to explain how or why the results of objective

---

[2] The Court takes judicial notice of this fact from the State of California's BreEZe Online Services database of professional licenses, located at www.breeze.ca.gov.

8

1 tests conducted by Dr. Bernabe and his observations of her abilities should be
2 discounted based on alleged malpractice in unrelated, unnamed, and undescribed
3 cases. Moreover, Dr. Bernabe's opinion did not "infect" ***all*** of the other opinions—
4 and the substantial evidence on which they were rendered —that support the ALJ's
5 RFC determination.

6 Although not captioned as a separate argument, Plaintiff also contends that
7 the ALJ erred at step two of the sequential evaluation process in finding that her low
8 back impairment was not a severe impairment. [Joint Stipulation at 6.] While the
9 Court believes that the ALJ did not err in this regard, any error that may have been
10 committed is harmless.

11 At step two of the sequential evaluation process, a plaintiff has the burden to
12 present evidence of medical signs, symptoms, and laboratory findings that establish
13 a medically determinable physical or mental impairment that is severe and can be
14 expected to result in death or last for a continuous period of at least 12 months.
15 *Ukolov v. Barnhart*, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (citing 42 U.S.C. §§
16 423(d)(3), 1382c(a)(3)(D)); *see* 20 C.F.R. §§ 404.1520, 404.1509). Substantial
17 evidence supports an ALJ's determination that a claimant is not disabled at step two
18 when "there are no medical signs or laboratory findings to substantiate the existence
19 of a medically determinable physical or mental impairment." *Ukolov*, 420 F.3d at
20 1004-05 (citing SSR 96-4p). An impairment may never be found on the basis of the
21 claimant's subjective symptoms alone. *Id.* at 1005.

22 Step two is "a de minimis screening device [used] to dispose of groundless
23 claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Applying the
24 applicable standard of review to the requirements of step two, a court must
25 determine whether an ALJ had substantial evidence to find that the medical
26 evidence clearly established that the claimant did not have a medically severe
27 impairment or combination of impairments. *Webb v. Barnhart*, 433 F.3d 683, 687
28 (9th Cir. 2005); *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)

9

("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."). An impairment or combination of impairments is "not severe" if the evidence established only a slight abnormality that had "no more than a minimal effect on an individual's ability to work." *Webb*, 433 F.3d at 686 (internal citation omitted).

Even if an ALJ errs by finding one or more of a plaintiff's alleged impairments nonsevere, such error is harmless if he nevertheless considers the impairments when determining the plaintiff's RFC at step four. *See Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007) (failure to address particular impairment at step two harmless if ALJ fully evaluated claimant's medical condition in later steps of sequential evaluation process); *see also Stout,* 454 F.3d at 1055 (ALJ's error harmless when "inconsequential to the ultimate nondisability determination").

In this case, the ALJ determined that Plaintiff's back problems were not severe, but clearly took Plaintiff's claims of pain and medical records related to her alleged back problems into account in determining Plaintiff's RFC. *See, e.g.*, [AR 52 (discussing Plaintiff's physical therapy in 2013, noting both reported improvement with medication and multiple office visits "in which the claimant did not specify any particular complaint with respect to her musculoskeletal impairments")]; [AR 52 (x-ray of the spine in 2013 "only showed minimal degenerative spondylosis)]; [AR 53 (symptoms, including back pain, "improved with moving around")]; [AR 53 (ALJ took claimant's weight, "including the impact on her ability to ambulate" in considering her functional limitations)]; [AR 54 (ALJ added limitations over and above physicians' opinions that she could perform a full range of medium work based on Plaintiff's complaints of pain and other assessments).] The ALJ thus not only found, based on substantial evidence, that Plaintiff's back impairment did not impact her ability to work sufficiently to warrant consideration as "severe," but he nevertheless considered Plaintiff's symptoms in

sufficient detail in crafting Plaintiff's RFC.  As a result, any possible error was harmless.

## CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: January 24, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE